UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| THERESA BROOKE,<br><br>        Plaintiff,<br><br>   vs.<br><br>INN AT JACK LONDON SQUARE LLC,<br><br>        Defendants. | Case No:  19-cv-06777 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Dkt. 35 |

Plaintiff Theresa Brooke ("Plaintiff") brings the instant disability access action against Defendant Inn at Jack London Square, LLC ("Defendant").  The matter is presently before the Court on Defendant's motion to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6).  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion, for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.    BACKGROUND

### A.    FACTUAL ALLEGATIONS

Plaintiff resides in Pinal County, Arizona and maintains an office in San Jose, California "for purposes of ADA-related business."  [First] Am. Compl. ("FAC") ¶¶ 1, 8, Dkt. 32.  She is a disabled woman confined to a wheelchair.  Id. ¶ 4.

Plaintiff alleges that she and her husband frequently travel to California for "purposes of leisure travel, hearings, settlement conferences, ENE conferences, joint site inspections, and to determine if various hotels across the Country comply with disability

access laws." Id. ¶ 9.  She has been to California "countless times over the past few years."
Id.  She and her husband are "planning on visiting the Bay Area over the next several
months for purposes of travel, testing ADA compliance and of course for Court-related
hearings and conferences and site inspections."  Id.

In anticipation of a trip to California, Plaintiff visited the website of Defendant's Z
Hotel Jack London Square, located at 233 Broadway, Oakland, California.  Id. ¶¶ 2, 11.
She wanted to rent a room with one King bed or two beds.  Id. ¶ 11.  She alleges she was
deterred from doing so, however, because Defendant "does not provide or make available
such rooms that are accessible[.]"  Id.  Plaintiff alleges that the "sole rooms offered that are
ADA accessible are rooms that have only one Queen bed; there are no King-bed options or
options for two-beds as there are for able-bodied persons."  Id.

**B.    PROCEDURAL HISTORY**

Plaintiff initiated the instant action on October 20, 2019, alleging causes of action
for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C.
§§ 12101 et seq. and the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code
§§ 51, 52.  Dkt. 1.  On January 26, 2020, Defendant filed a motion to dismiss the Complaint
pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6).  Dkt. 23.  On February 4,
2020, Plaintiff filed the operative [First] Amended Complaint, Dkt. 32, along with a Notice
of Filing of Amended Complaint in Lieu of Response to Motion to Dismiss, Dkt. 33.
Defendant's motion to dismiss the original Complaint was denied as moot.  Dkt. 34.

Plaintiff's FAC re-alleges causes of action for violations of Title III of the ADA and
the Unruh Act.  On February 21, 2020, Defendant filed the instant Motion to Dismiss First
Amended Complaint, Dkt. 35, along with a Memorandum of Points & Authorities in
support thereof, Dkt. 35-1.  Defendant filed an Amended Memorandum of Points &
Authorities the following day.  Dkt. 36.  Plaintiff filed an Opposition, Dkt. 39, and
Defendant filed a Reply, Dkt. 41.  The motion is fully briefed and ripe for adjudication.
Subsequent to the close of briefing, Plaintiff and Defendant each filed a notice of recent
decision.  Dkt. 42, 43.

## II.    LEGAL STANDARD

### A.    RULE 12(B)(1)

A complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.  Because standing pertains to a federal court's subject matter jurisdiction, it is properly raised in a Rule 12(b)(1) motion.  Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010).  A jurisdictional challenge under Rule 12(b)(1) may be either "facial or factual."  Edison v. United States, 822 F.3d 510, 517 (9th Cir. 2016).  "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction."  Id.  "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction."  Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Edison, 822 F.3d at 517.  Where the defendant mounts a factual attack, the court may review evidence outside the pleadings, such as affidavits and testimony, "to resolve factual disputes concerning the existence of jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Edison, 822 F.3d at 517.  In response to a factual attack, the plaintiff "must support [its] jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context."  Leite, 749 F.3d at 1121 (internal citations omitted).  "The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met."  Id.  Although the Plaintiff's allegations are not entitled to a presumption of truthfulness, any factual disputes must be resolved in the Plaintiff's favor.  Edison, 822 F.3d at 517.

### B.    RULE 12(B)(6)

Rule 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal under Rule 12(b)(6) is proper when the complaint

either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." <u>Somers v. Apple, Inc.</u>, 729 F.3d 953, 959 (9th Cir. 2013).  In assessing the sufficiency of a claim, the court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on a motion to dismiss, in particular, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." <u>Outdoor Media Group, Inc. v. City of Beaumont</u>, 506 F.3d 895, 899-900 (9th Cir. 2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

**III.    <u>DISCUSSION</u>**

Defendant moves to dismiss Plaintiff's ADA and Unruh Act claims on the grounds that she lacks standing to bring and/or fails to allege sufficient facts to state such claims.

**A.    ADA**

To establish standing, a plaintiff must plead facts demonstrating that she has suffered an injury in fact, that the injury is fairly traceable to the defendant's actions, and that the injury is likely to be redressed by a favorable decision. <u>Chapman v. Pier 1 Imports (U.S.) Inc.</u>, 631 F.3d 939, 946 (9th Cir. 2011).  To establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, a plaintiff must also demonstrate a "real and immediate threat of repeated injury" in the future.  <u>Id.</u>

A disabled person has standing to bring an ADA claim where she encounters or becomes aware of alleged barriers that interfere with her "full and equal enjoyment" of a facility.  <u>Id.</u> at 947 (quoting 42 U.S.C. § 12182(a)).  If a disabled person encounters or becomes aware of alleged ADA violations that deter her patronage or otherwise interfere with her access to a place of public accommodation, she has suffered an injury in fact.  <u>Id.</u> "Of course, a 'barrier' will only amount to such interference if it affects the plaintiff's full

and equal enjoyment of the facility on account of [her] particular disability." Id.  A

plaintiff lacks standing to bring an ADA claim "if the barriers [she] seeks to enjoin do not

pose a real and immediate threat to [her] due to [her] particular disability." Id. at 953.

Here, Plaintiff alleges that Defendant does not comply with Section 224.5 of the

2010 ADA Standards for Accessible Design ("Section 224.5").  Section 224.5 requires that

accessible rooms be "dispersed among the various classes of guest rooms" and "provide

choices of types of guest rooms, number of beds, and other amenities comparable to the

choices provided to other guests."  Where the number of guest rooms does not allow for

complete dispersion, rooms "shall be dispersed in the following priority: guest room type,

number of beds, and amenities." Id.  An Advisory Note to Section 224.5 further provides

that "bed size" is one factor to be considered in determining whether comparable options

are provided.  In this case, Plaintiff alleges that the only ADA accessible rooms offered by

Defendant have one Queen bed.  FAC ¶ 11.  According to Plaintiff, Defendant offers rooms

with a King bed or two beds, but such rooms are not accessible.  Id.

Plaintiff lacks standing to pursue this claim for at least two reasons.  As a threshold

matter, Defendant argues that Plaintiff suffered no injury in fact because she did not

actually encounter a barrier.  Specifically, Defendant asserts that the hotel *does offer* an

ADA accessible room with a King bed (as shown on its website) and that a second bed *is

available* to any guest upon request.  Mot. at 5.[1]  Tellingly, Plaintiff does not respond to

this argument or the evidence offered in support thereof, thereby conceding the availability

of such rooms and amenities.  See Trentacosta v. Frontier Pacific Aircraft Industries, Inc.,

813 F.2d 1553, 1558 (9th Cir. 1987) (in the face of a factual attack, a plaintiff cannot rest

on the mere assertion that factual issues may exist, she must come forward with evidence

outside her pleadings); Citizens for Free Speech, LLC v. Cty. of Alameda, No. C 18-00834

---

[1] Defendant provides the declaration of its managing member, Sam Nassif.  Dkt. 35-2 ¶ 1.  Mr. Nassif avers that Defendant provides an ADA accessible room with a King bed. Id. ¶ 2.  This is confirmed on the hotel's website, https://www.zhoteljacklondonsquare.com/oakland-ca-hotel-rooms/.  Id.  Mr. Nassif further avers that a guest can request an additional bed, either at the time of making a reservation or at check-in. Id. ¶ 3.

SBA, 2020 WL999644, at *4 (N.D. Cal. Mar. 2, 2020) (opposing party concedes arguments not addressed in an opposition brief).  Although this jurisdictional issue is intertwined with a substantive one (i.e., what types of accessible rooms Defendant offers), the Court need not defer resolution of the issue where there are no "genuinely disputed facts."  Safe Air for Everyone v. Meyer v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987) (holding that, where jurisdictional and substantive issues are intertwined, the court assumes the truth of the complaint's allegations "unless controverted by undisputed facts in the record").  In light of the evidence presented by Defendant, which Plaintiff fails to rebut or challenge, the facts at issue here are undisputed.

Moreover, even assuming that Defendant does not offer an accessible room with a King bed or two beds, Plaintiff's allegations fail to establish injury in fact.  Plaintiff alleges that rooms with a King bed or two beds "are non-accessible" and that she has actual knowledge of "the barrier" at Defendant's hotel.  FAC ¶¶ 11, 13.  However, Plaintiff fails to allege "what those barriers [a]re and how [her] disability was affected by them so as to deny [her] the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that [she] personally suffered discrimination under the ADA on account of [her] disability)."  Chapman, 631 F.3d at 954 (remanding with instructions to dismiss the complaint for lack of standing where the plaintiff alleged only that he "encountered architectural barriers" at the defendant's store).  The bare assertion of "a barrier" is insufficient to establish standing.  See Brooke v. Grant Hyatt SF LLC, No. 19-CV-07630-MMC, 2020 WL 2084879, at *1 (N.D. Cal. Apr. 30, 2020) (dismissing claim with leave to amend where Plaintiff alleged that certain rooms were not "ADA accessible" and that each had a "barrier" or "barriers"); Brooke v. Hyatt Corp., No. 19-CV-07658-TSH, 2020 WL 247372, at *4 (N.D. Cal. May 13, 2020) (same); Brooke v. IA Lodging Santa Clara LLC, No. 19-CV-07558-NC, 2020 WL 3833287, at *3 (N. D. Cal. July 8, 2020) (same).  Again, Plaintiff does not respond to this argument, thereby conceding the inadequacy of the FAC's allegations.  See Citizens for Free Speech, 2020 WL999644, at *4.

1    Accordingly, Plaintiff lacks standing to bring—and fails to state—a claim under the

2  ADA.  Although Plaintiff's opposition brief neither addresses the forgoing standing issues

3  nor identifies any additional facts that she might allege, the Court will nonetheless provide

4  her one further opportunity to establish standing.  Plaintiff's ADA claim is therefore

5  dismissed with leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)

6  (en banc) (leave to amend generally should be granted unless the pleading could not

7  possibly be cured by the allegation of other facts).[2]

8    **B.    UNRUH ACT**

9    The Unruh Act applies only to "persons within the jurisdiction of [California]."  Cal.

10  Civ. Code § 51(b); Keum v. Virgin Am. Inc., 781 F. Supp. 2d 944, 955 (N.D. Cal. 2011);

11  see e.g., Warner v. Tinder, 105 F. Supp. 3d 1083, 1099 (C.D. Cal. 2015) (dismissing an

12  Unruh Act claim brought by a resident of Florida against a California-based operator of a

13  dating app).  Plaintiff is a resident of Arizona and was in Arizona when she attempted to

14  make a hotel reservation on Defendant's website.  FAC ¶ 1 (alleging that Plaintiff resides in

15  Arizona); Opp'n at 4 (acknowledging that Plaintiff "accessed the website in Arizona").

16  Thus, Plaintiff was not a person within the jurisdiction of California when the alleged

17  injury occurred.  See, e.g., Brooke v. AJU Hotel Silicon Valley LLC, No. 19-CV-00411-

18  SVK, 2019 WL 7050090, at *2 (N.D. Cal. Dec. 23, 2019) (dismissing Plaintiff's Unruh Act

19  claim without leave to amend on this basis); Brooke v. Rihh LP, No. 19-CV-06852-SI,

20  2020 WL 788889, at *5 (N.C. Cal. Feb. 18, 2020) (same).

21    Plaintiff acknowledges that Defendant's standing argument "has merit."  Opp'n at 4.

22  However, she counters that, following decisions dismissing her Unruh Act claims in other

23  cases, she "obtained an office in California."  Id.  As an initial matter, Plaintiff does not

24  allege that she maintained an office in California either at the time she accessed

25  Defendant's website or when she filed the instant action.  Compare Compl. ¶ 1 (alleging

26

27    _____

28    [2] Because Plaintiff's ADA claim is dismissed on the grounds stated above, the Court does not address Defendant's other arguments in support of dismissal.

only that Plaintiff is a resident of Arizona) with FAC ¶ 1 (alleging that Plaintiff resides in Arizona and maintains an office in San Jose, California).  Moreover, the fact that Plaintiff maintains an office in California does not establish that she was a person "within the jurisdiction" of the state when she accessed Defendant's website from her residence in Arizona.  See, e.g., Rihh LP, No. 19-CV-06852-SI, ECF No. 16 at 1-2 (Mar. 10, 2020) (striking Plaintiff's previously dismissed Unruh Act claim despite the new allegation that she maintains an office in San Jose); IA Lodging, 2020 WL 3833287, at *3 (dismissing Plaintiff's Unruh Act claim despite the allegation that she "has a San Jose office").

Accordingly, Plaintiff lacks standing to bring her Unruh Act claim.  Because the allegation of new facts consistent with those already alleged cannot possibly cure this deficiency, the Court dismisses Plaintiff's Unruh Act claim without leave to amend.  See Great Minds v. Office Depot, Inc., 945 F.3d 1106, 1112 (9th Cir. 2019) (dismissal without leave to amend is proper if it is clear that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency).

## IV.	CONCLUSION

In view of the foregoing, IT IS HEREBY ORDERED THAT:

1.	Defendant's motion to dismiss Plaintiff's FAC is GRANTED.  As stated above, Plaintiff's ADA Claim is dismissed with leave to amend and her Unruh Act claim is dismissed without leave to amend.

2.	Plaintiff shall file a second amended complaint within 14 days of the date this Order is filed.  Plaintiff must have a good faith basis, both in law and fact, to amend her claims.  See Fed. R. Civ. P. 11(b).  **Plaintiff is warned that, if she fails to file a second amended complaint within the time prescribed, the Court will dismiss the action pursuant to Federal Rule of Civil Procedure 41(b).**

3.      This Order terminates Docket 35.

IT IS SO ORDERED.

Dated:  August 28, 2020



SAUNDRA BROWN ARMSTRONG
Senior United States District Judge